HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CITY OF OLYMPIA, a municipality,<br><br>                     Plaintiff,<br>      v.<br><br>TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA,<br><br>                     Defendant. | CASE NO. 3:19-cv-5562-RBL<br><br>ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT<br><br>DKT. ## 10, 13 |

**INTRODUCTION**

THIS MATTER is before the Court on the parties' Cross-Motions for Summary Judgment.[1] Dkt. # 10. This case arises from Defendant Travelers Casualty and Surety Company of America's refusal to pay an attorney fees and costs award obtained by the City of Olympia against NOVA Contracting, Inc.—Olympia's former contractor and Travelers's assured. Travelers contends that it has no obligation to pay because the fees were awarded pursuant to a

---

[1] Although Olympia did not formally move for summary judgment, its Opposition to Travelers' Motion [Dkt. # 15] requests that the Court grant relief to Olympia. *See* Proposed Order, Dkt. # 16. Because this case turns on a single legal issue that will be resolved through Travelers' Motion, the Court will treat Olympia's Opposition as a Cross-Motion for Summary Judgment.

ORDER ON CROSS-MOTIONS FOR SUMMARY
JUDGMENT - 1

Washington statute, rather than a contractual provision. For the following reasons, the Court GRANTS the City of Olympia's Motion and DENIES Travelers's Motion.

**BACKGROUND**

In May 21, 2014, Olympia and NOVA entered a Contract to construct a culvert associated with the Olympia Woodland Trail Improvements Project. NOVA Contract, Dkt. # 12-7, at 25. The one-page document provides, among other things, that NOVA would be liable for liquidated damages for late completion of the project. *Id*. However, it also incorporates and binds NOVA to the 2012 Washington State Standard Specifications for Road, Bridge, and Municipal Construction ("WSDOT Specs"). *Id*. Section 1-07.1 of the WSDOT Specs state that the contractor (in this case NOVA) "shall always comply with all Federal, State, tribal, or local laws, ordinances, and regulations that affect Work under the Contract." 2012 WSDOT Specs, Washington State Department of Transportation, § 1-07.1 (Dec. 27, 2019), available at: https://www.wsdot.wa.gov/publications/manuals/fulltext/M41-10/SS2012.pdf.

As the principal on a public works project, NOVA was legally required to obtain a performance bond with a surety company guaranteeing that NOVA would "faithfully perform all provisions of [the] contract." RCW 39.08.010(1)(a). NOVA obtained such a Bond from Travelers. Dkt. # 12-1. The Bond guarantees performance of "all obligations under the Contract" and only becomes void once those obligations have been "well and faithfully perform[ed]." *Id*.

On September 19, 2014, Olympia terminated its Contract with NOVA for the latter's default. NOVA then sued Olympia on December 4, 2014, with Olympia counterclaiming for liquidated damages. On March 27, 2015, Olympia offered to accept payment in the amount of $25,000 from NOVA as settlement of all claims. Dkt. # 12-6. This settlement offer (which NOVA rejected) was made pursuant to RCW 39.04.240,

which expands the attorney fees award provisions of RCW 4.84.250-280 for actions arising out of a public works contracts. *Id*. Under RCW 4.84.260, a party is deemed to have "prevailed" for purposes of an attorney fee award "when the recovery, exclusive of costs, is as much as or more than the amount offered in settlement by the [party]." The parties do not dispute that Olympia's September 19 settlement offer met the requirements of RCW 39.04.240 and RCW 4.84.250-280.

Olympia prevailed in the litigation with NOVA and received a judgment for $42,140.70 in liquidated damages, $55,150.00 in attorney fees, and $257.00 in costs. Dkt. # 12-10 at 4. Olympia attempted to tender the judgment to Travelers for payment, but Travelers would only agree to pay the liquidated damages. Dkt. # 12-11. Meanwhile, NOVA appealed the trial court's decision and lost, further increasing the amount of attorney fees and costs awarded to Olympia. Olympia now seeks $119,467.20 plus interest from Travelers to cover its fees and costs from the litigation with NOVA. Complaint, Dkt. # 1-1 at 7-9.

## DISCUSSION

**1.  Legal Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

**2. Attorney Fees and Costs Award under RCW 39.04.240**

This case turns on one legal issue: whether the Performance Bond obligates Travelers' to pay the attorney fees and costs awarded to Olympia pursuant to RCW 39.04.240. Travelers argues that, because the Bond only guarantees NOVA's performance of "all obligations under the Contract," Dkt. # 12-1, Travelers is not required to pay fees and costs that were awarded pursuant to a statute not referenced in the Contract. Olympia responds that RCW 39.04.240 is incorporated into the Contract with NOVA as a matter of law, making the state court's award guaranteed under the Bond.

Performance bonds are "in the nature of insurance contracts" and "subject to the rules applicable to simple contract law." *Colorado Structures, Inc. v. Ins. Co. of the W.*, 161 Wash. 2d 577, 586 (2007) (internal quotations omitted). "If unambiguous, [a bond] should be construed in accordance with the parties' plain intent, [but] [i]f ambiguous, it should be construed in favor of liability of the surety." *Id*. at 588 (internal quotation omitted). A bond and the underlying contract between the contractor and the obligee should be considered together to ascertain the obligation assumed by the surety. *See Pac. Employers Ins. Co. v. City of Berkeley*, 158 Cal. App.

3d 145, 150, (Ct. App. 1984) (citing 13 *Couch on Insurance*, § 47:20, pp. 240-242 (2d ed. 1982)).

Furthermore, in Washington, "the general law in force at the time of the formation of the contract is a part thereof." *Cornish Coll. of the Arts v. 1000 Virginia Ltd. P'ship*, 158 Wash. App. 203, 223 (2010) (quoting *Arnim v. Shoreline Sch. Dist. No. 412*, 23 Wash.App. 150, 153 (1979)). This principle is based on "the presumption . . . that the contracting parties know the law" and applies to both "statutes and the settled law of the land at the time the contract is made." *Id*. (internal quotations omitted).

Washington courts have applied this doctrine of implied incorporation when a free-standing law bears a close relationship to the contract. *See* Steven W. Feldman, *Statutes and Rules of Law As Implied Contract Terms: The Divergent Approaches and A Proposed Solution*, 19 U. PA. J. BUS. L. 809, 817 (2017) (discussing the limitations of implied incorporation). In *Corish College*, the court held that "[t]he right of an option holder . . . to an equitable period of grace in exercising the option" was "settled law" in Washington and was therefore incorporated into the parties' lease agreement, which contained a purchase option. 158 Wash. App. 203, 224 (2010). Even more relevant is *King County v. Vinci Construction Grands Projets*, in which the defendant surety company argued that it would be inequitable for the court to award attorney fees because neither the construction contract nor the bond contained a fee provision. 191 Wash. App. 142, 186, 364 P.3d 784, 806 (2015), *aff'd sub nom. King Cty. v. Vinci Constr. Grands Projets/Parsons RCI/Frontier-Kemper, JV*, 188 Wash. 2d 618 (2017). The court rejected this argument, citing the principle that "well settled law," such as the rule awarding attorney fees to a successful obligee against a surety, is "presumed to be incorporated" into contracts. *Id*.

The same outcome is appropriate here. RCW 39.04.240 provides an attorney fee award mechanism specifically designed for disputes arising out of public works contracts. The statute is thus so closely connected to such contracts that it becomes a part of them under Washington law. Indeed, while Travelers suggests that there is a "limitless scope of applicable statutes" that could potentially be incorporated into the Contract, Dkt. # 17 at 8, this argument ignores the close overlap between RCW 39.04.240 and the NOVA Contract's subject matter. In addition to governing a public works project, the Contract already contains some provisions regarding attorney fees. *See, e.g.*, WSDOT Specs, §§ 1-09.9(1) (attorney fees subtracted from retainage in the event of claims against retainage), 1-09.11(1)A (indemnification of board members includes attorney fees). The scope of the Contract thus reaches not only the project but also litigation that may arise from it, making it appropriate to incorporate RCW 39.04.240. Dkt. # 12-1.

In light of this, it is consistent with the terms of the Bond and Contract to hold Travelers liable for Olympia's award of attorney fees and costs. The Bond guarantees that NOVA shall perform all "obligations under the Contract," Dkt. # 12-1, while the Contract states that NOVA must obtain a bond "[g]uarantee[ing] that the surety shall indemnify, defend, and protect the Contracting Agency against any claim of direct or indirect loss resulting from the failure: (a) [o]f the Contractor . . . to faithfully perform the Contract." WSDOT Specs, § 1-03.4. "Obligation" is defined by Black's Law Dictionary as, "A legal or moral duty to do or not do something" and has "many wide and varied meanings." Black's Law Dictionary, 9th Ed. (Thompson Reuters 2009). It is ambiguous whether "obligation under the Contract" is limited to explicit contractual provisions, and the Court therefore must construe the term in the insured's favor to include implicitly incorporated terms like RCW 39.04.240. Meanwhile, "indirect loss resulting from" NOVA's failure to perform may well include the claimed fees and costs that flowed from the

litigation with NOVA even without RCW 39.04.240. In any case, read together, the Contract and Bond require Travelers to pay Olympia's fees and costs.

Travelers argues that the range of laws that NOVA agreed to be bound by under the Contract is limited by the WSDOT Specs, which state, "The Contractor shall always comply with all Federal, State, tribal, or local laws, ordinances, and regulations *that affect Work under the Contract*." § 1-07.1 (emphasis added). Because RCW 39.04.240 does not "affect work," Travelers asserts that it cannot be incorporated into the Contract. But Travelers' argument misconstrues the meaning of § 1-07.1, which contains no *limitation* on which laws the contractor must comply with. By expressly mentioning laws affecting work, section 1-07.1 does not exclude those that do not.

Travelers also contends that RCW 39.04.240 is only "triggered" by an action arising out of a contract, which means that it cannot possibly be incorporated into that contract. But this could be said of all fee provisions and other terms that are only triggered in the event of litigation (arbitration clauses, for example, are only "triggered" when a dispute arises under the contract). It is silly to argue that a contract cannot govern disputes arising from its own terms. Travelers further argues that the Washington legislature would have expressly stated any intention to make RCW 39.04.240 a part of all public works contracts, but this is not required for the implied incorporation described in *Cornish College*. Regardless, RCW 39.04.240(2) states, "The rights provided for under this section may not be waived by the parties to a public works contract." This strongly supports legislative intent to make RCW 39.04.240 an implied part of every public works contract.

Finally, Travelers insists that it is an "innocent bystander" that played no part in the lawsuit between Olympia and NOVA and therefore cannot be made responsible under

RCW 39.04.240 for NOVA's foolish decision to reject Olympia's settlement offer. This argument misses the point—Travelers is not liable directly under the statute but rather under its duty to guarantee NOVA's contractual obligations, whatever they may be. As the Court has explained, one of those obligations is to pay Olympia's attorney fees and costs for the litigation under RCW 39.04.240. While Travelers lacked control over NOVA's decision to reject the settlement offer, the same can be said about NOVA's decision to default in the first place. This is simply part of risk Travelers took on when it agreed to act as surety for NOVA.

### 3. Attorney Fees under *Olympic Steamship*

"When an insured purchases a contract of insurance, it seeks protection from expenses arising from litigation, not 'vexatious, time-consuming, expensive litigation with his insurer.'" *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wash. 2d 37, 52, 811 P.2d 673, 681 (1991) (quoting *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 79 (W.Va.1986)). Consequently, an insured has a "right . . . to recoup attorney fees that it incurs because an insurer refuses to defend or pay the justified action or claim of the insured." *Id*. This rule applies equally to the obligee-surety context for any dispute over coverage under the bond. *Colorado Structures*, 161 Wash. 2d at 606. "Generally, when an insured must bring suit against its own insurer to obtain a legal determination interpreting the meaning or application of an insurance policy, it is a coverage dispute." *Id*.

Here, Olympia correctly argues that it was forced to bring this declaratory judgment action to force Travelers to honor its commitment under the Bond. It is a coverage dispute because Travelers's refusal to pay is based on its interpretation of the Bond and Contract, not a factual dispute over the amount of a claim. Consequently, Olympia is entitled to attorney fees in this matter under *Olympic Steamship* and *Colorado Construction*.

**CONCLUSION**

For the above reasons, Travelers's Motion for Summary Judgment is DENIED and Olympia's Motion is GRANTED.

IT IS SO ORDERED.

Dated this 3rd day of January, 2020.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge